IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DORAL LYNN CRISWELL**                                                                PLAINTIFF
ADC #150135

V.                                    CASE NO. 4:21-cv-179 JM

**CLINT EVENS**, *et al.*                                                                 DEFENDANTS

## ORDER

Pending is a Motion to Dismiss filed by Defendants Miguel Sanchez, Toby Williams, and Kevin Atkinson[1] (collectively, "Defendants"). (Doc. Nos. 29, 32, 33, 34). Plaintiff Doral Lynn Criswell has not replied and the time for doing so has passed; Defendants' Motion is ripe for consideration. For the reasons set out below, Defendants' Motion (Doc. No. 29) is DENIED.

**I.      THE COMPLAINT**

Plaintiff Doral Lynn Criswell sued multiple Officers with the Conway, Arkansas, Police Department along with Defendants. (Doc. No. 2). Criswell alleges, among other things, that on Friday, November 13, 2020, he "came in contact with Conway P.D. and First Ark bails bondsman whom used excessive force on me." (*Id*. at 6.) Specifically, Criswell maintains that he was tazed until he lost consciousness and had to be hospitalized. (*Id*. at 6-7). Criswell asserts that Defendants tazed him with officers of the Conway Police

---

[1] The Clerk of the Court is directed to change Defendant Atkins' name on the docket to Kevin Atkinson. (Doc. No. 29).

Department or assisted the Conway Police Officers while they tazed him.[2] (*Id*. at 6.) Criswell seeks damages.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2). "The complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests and must also contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. *Id.* When considering a motion to dismiss for failure to state a claim, the Court "assumes all facts in the complaint to be true and construes all reasonable inferences from those facts most favorably to the complainant." *Minnesota Majority v. Mansky*, 708 F.3d 1051, 1055 (8th Cir. 2013).

## III. DISCUSSION

Defendants urge Criswell's claims against them should be dismissed because: (1) the Defendants did not act under the color of state law; (2) Criswell's Complaint fails screening under 28 U.S.C. § 1915A; and (3) Criswell failed to exhaust his administrative remedies.

---

[2] While Defendants' brief in support (Doc. Nos. 32, 33, 34) represents that Criswell's Complaint "contains voluntary statements from Davidele McIntosh and Miguel Sanchez," the Court is not aware of such statements in the Complaint. (Doc. No. 2.).

### A. Color of State Law

Criswell brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). Defendants explain they are bondsmen. (Doc. No. 32 at 4-5). They argue that, as bondsman, they were not acting under the color of state law and provide cases to support that argument. (*Id.*) *See also Estate of Lee v. Butler County*, Mo., case no. 1:16-cv-22 SNLJ, 2016 WL 3197261, *3 (E.D. Mo. June 9, 2016) (collecting cases in which bondsmen found to be acting in private interest.) But even private actors may be subject to liability under § 1983.

To be subject to a claim under § 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights." *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). Plaintiff alleged Defendants acted together with the Conway Police Officers in using excessive force. (Doc. No. 2). Plaintiff alleged joint action with state actors.

Defendants further argue that even if they are found to be state actors, "Plaintiff does not plead facts raising a reasonable question as to the Separate Defendants liability" because "a licensed bondsman is authorized to surrender a defendant if the bondsman is a surety of the defendant." (Doc. No. 32 at 4-5). Even if Defendants were authorized to surrender Criswell, it is not the act of surrendering, but the amount of force used in doing

so, that is at issue here. According to Defendants, at the time of the events giving rise to Criswell's Complaint, Criswell was "a fugitive wanted on multiple felony warrants and was known to use violent means to evade apprehension." (*Id*. at 5). Defendants say Defendant Sanchez was justified in deploying his taser because Plaintiff attempted to avoid apprehension. (*Id*.). Plaintiff's Complaint, however, contains none of this information. And Defendants provided no basis on which the Court could treat this 12(b)(6) motion as a motion for summary judgment.

Considering that Plaintiff's Complaint must be liberally construed, and considering the legal standard governing a Rule 12(b)(6) motion to dismiss, Criswell sufficiently alleged Defendants were involved in joint activity with state actors, thus bringing Defendants under the § 1983 umbrella.

B.   **Screening Under 28 U.S.C. § 1915A**

Defendants point out that under 28 U.S.C. § 1915A, the court shall dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. (Doc. No. 32 at 6). They argue that "Plaintiff states no facts indicating that his apprehension caused him damages and fails to raise a sufficient basis in law or fact." (*Id*.) Defendants further argue "Plaintiff states he became unconscious after arrest, yet does not state this was a result of being tased or any other conduct relating to the Separate Defendants." In his Complaint, Criswell alleged he was "leaving Clifton St. . . . Apts." and was "tazed . . . until [he] was unconscious which led [him] to be hospitalized." (Doc. No. 2 at 6). The use of force

seemingly was in connection with an arrest, as Criswell provides "they claim they found some drug [where] I [passed] out." (*Id*. at 7). Criswell's allegations sufficiently state harm and raise a claim sufficient in both law and fact.

### C.    Failure To Exhaust Administrative Remedies

Defendants maintain Criswell failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). (Doc. No. 32 at 7-8). Under the PLRA, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Defendants point out that Criswell indicated in his Complaint that he did not file a grievance in connection with his allegations against Defendants. (Doc. No. 32 at 7-8; Doc. No. 2 at 5-6). Defendants have not explained which administrative remedies were available to Criswell. Without more, the Court rejects Defendants' exhaustion argument.

### D.    Defendants Not Properly Served

In Defendants' Motion, Defendants additionally argue they were not properly served. (Doc. No. 29 at 2). The Court will not address this argument at this time because no further information was provided in support.

For the reasons set out above, Defendants' Motion to Dismiss (Doc. No. 29) is DENIED.

IT IS SO ORDERED this 15th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE